IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLIE DILLIARD, TODD ELLIOTT
KOGER,

      Plaintiffs,

v.

BOROUGH OF WILKINSBURG, ET AL.,

      Defendants.

14cv1157
**ELECTRONICALLY FILED**

ENTERPRISE RENT-A-CAR COMPANY
OF PITTSBURGH, LLC,

      Plaintiff,

v.

TODD KOGER,

      Defendant.

14cv1181
**ELECTRONICALLY FILED**

### ORDER OF COURT DENYING PRO SE PLAINTIFFS' MOTION TO REOPEN CASE/MOTION FOR RECONSIDERATION (DOC. NOS. 64 AND 11)

*Pro Se* Plaintiffs have filed two cases in this District Court, both of which center on a contractual dispute with Defendant Enterprise Rent-A-Car and alleged harassment by local law enforcement. 14-cv-1157, 14-cv-1181. The Court ordered that the cases be closed pending resolution of a previously filed suit before the Court of Common Pleas of Allegheny County and appeals that were filed in the United States Court of Appeals for the Third Circuit. 14-cv-1157, Doc. No. 59. The Court, in its Memorandum Opinion, provided the following procedure, which will permit the just, fair, and efficient resolution of matters before this Court:

AND NOW, this 4th day of December, 2014, IT IS HEREBY ORDERED THAT:

1. Defendants' Motions to Dismiss (Doc. Nos. 41 and 45) are **DENIED AS PREMATURE**;

2. This civil action shall be **CLOSED** pending resolution of Plaintiff Koger's Notice of Appeal from this Court's Order denying his Motion for Leave to Proceed *In Forma Pauperis* 14-cv-01181, Doc. No. 3, by the United States Court of Appeals for the Third Circuit;

3. If the United States Court of Appeals for the Third Circuit remands civil action number 14-00181 for further action, this Court will enter an Order in both 14-01181 and this matter (14-cv-01157) to ensure that a schedule is in place to provide for adjudication of the Parties' dispute; and

4. If the United States Court of Appeals for the Third Circuit denies Plaintiff Koger's appeal in 14-cv-01181, the Parties shall continue to litigate Enterprise's breach of contract claim in the Court of Common Pleas for Allegheny County. Any Party may petition this Court to re-open this matter within 30 days of a final judgment in the action in the Court of Common Pleas of Allegheny County.

On January 6, 2015 and January 13, 2015, the United States Court of Appeals for the Third Circuit dismissed Plaintiffs' appeals, based upon Plaintiffs' Notices to Withdraw Appeals. 14-cv-1157, Doc. No. 63; 14-cv-1181, Doc. No. 10.

Presently before this Court is a Motion by *Pro Se* Plaintiffs, in which they move this Court to re-open the cases (See Order, ¶ 3) because of the resolution of the appeals to the United States Court of Appeals for the Third Circuit. Plaintiffs also contend that re-opening the cases is appropriate because of the entry of default judgment against Defendants Culgan Towing and

Virag, Enterprise's "admission" as to contractual issues, and Defendants' failure to attach documents to filings in the Court of Common Pleas of Allegheny County. Doc. No. 64.

This motion is most akin to a motion for reconsideration. A proper motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)). The Court finds that none of these grounds have been established. Plaintiffs' withdrawal of their appeals is most akin to paragraph four of the Court's prior Order, which set forth that if the United States Court of Appeals for the Third Circuit denied Plaintiffs' appeal, "the Parties shall continue to litigate Enterprise's breach of contract claim in the Court of Common Pleas of Allegheny County." 14-cv-1157, Doc. No. 59. Plaintiffs have not demonstrated that this disposition will cause "manifest injustice."

The Court continues to find that these matters should remain closed pending final resolution of the case pending before the Court of Common Pleas of Allegheny County, otherwise there is a risk of inconsistent rulings because the claims in both forums center on the same contractual relationship. First, with Plaintiffs' voluntary withdrawal of their appeal of this Court's Order (14-cv-1181, Doc. No. 2) remanding civil action no. 14-1181 to state court, and with this Court's denial of the now pending Motion for Reconsideration (Doc. No. 11), the issues relating to the contract between Enterprise and Plaintiffs will be decided by the Court of Common Pleas of Allegheny County. This Court does not have jurisdiction over civil action no. 14-1181. Secondly, Plaintiffs are seeking to litigate this same contract within the "civil rights" case filed at civil action no. 14-1157. Plaintiffs, in their Motion for Reconsideration (filed in

both cases as Doc. Nos. 11 and 64) make abundantly clear that the same contractual issues exist in both civil action no. 14-1181 (state court case) and 14-01157 (federal case). For example, Plaintiffs note that:

- [t]his issue revolves around the Plaintiffs' contractual relationship with Defendant Enterprise Rent-A-Car.;

- [t]he Defendant Enterprise Rent-A-Car failed to even attach a copy of the October 2013 contract to their "breach of contract" claim. Pennsylvania is a 'fact-specific' jurisdiction. The relief sought by the Defendant Enterprise Rent-A-Car in state court is 'fatally flawed.';

- [t]he only thing this court can 'learn' from the state court proceeding is Defendant Enterprise Rent-A-Car's 'admission' that monthly lease amount of $708 (that had been paid in previous months) was 'in fact' paid in October 2013, but was knowingly applied by the defendants as a 'weekly and daily rate' in order to intentionally exhaust the plaintiffs' money and execute the alleged conspiracy to 'unconstitutionally' repossess the vehicle.

Rulings by this Court in either civil action no. 14-1157 or 14-1181, which would have to address the contractual relationship between Enterprise and Plaintiffs, would be inefficient and could possibly expose the Parties to inconsistent obligations. This situation would impede the ultimate resolution of all claims between all of the Parties. The procedural mechanisms in place in both the Court of Common Pleas of Allegheny County and this Court will permit the Parties to obtain resolution of the entirety of this dispute, in an orderly manner, and without the risk of inconsistent determinations s to the underlying contractual issues.

Therefore, this 15th day of January, 2015, IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Reopen Case/Motion for Reconsideration (Doc. Nos. 64 and 11) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Kellie Dillard And Todd Elliott Koger
515 Kelly Avenue
Pittsburgh, PA 15221